Kenneth GOMEZ, Petitioner,

v.

**COLORADO STATE PAROLE BOARD and the Attorney General for the State of Colorado, Respondents.**

**Michael Leigh SHEA, Petitioner,**

v.

**Gordon HEGGIE et al., Respondents.**

Civ. A. Nos. 79–K–179, 79–K–241.

United States District Court, D. Colorado.

June 1, 1979.

Kenneth Gomez, pro se.

Marcellus Jackson, Asst. Atty. Gen., Denver, Colo., for respondents.

## ORDER OF DISMISSAL

KANE, District Judge.

These two actions are both *pro se* petitions for habeas corpus filed by inmates at the Colorado State Penitentiary at Canon City. The actions were consolidated on April 23, 1979 on the grounds that they raise a similar question of law, the constitutionality of the Colorado State Parole Board's procedures in parole release proceedings. Plaintiff-petitioners allege that the Colorado State Board of Parole (1) denied them their rights to due process of law in that the reasons given for denial of parole were unconstitutionally vague and inadequate; (2) denied them due process of law in that the decisions to deny parole were arbitrary and capricious; (3) denied them protection from double jeopardy; (4) denied them due process of law in that access to parole files was not permitted; and (5) denied them due process of law in that the parole board has not established meaningful criteria for granting parole.

A careful review of the pleadings in both actions reveals that each plaintiff admits that he has failed to exhaust available state appellate, habeas corpus and post-conviction remedies. Plaintiff Gomez alleges that there are no state procedures for appealing a denial of parole and plaintiff Shea claims that "state courts will not intervene or arbitrate Parole Board decisions."

Exhaustion of state remedies is required by federal law. Title 28 U.S.C. § 2254(b) and (c) provides:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has a right under the law of the State to raise, by any available procedure, the question presented.

Colorado law clearly provides procedures for challenging the parole release proceedings complained of in these actions. Section 13–45–101, *et seq.*, C.R.S.1973, creates state habeas corpus remedies for inmates alleging unlawful denial of parole. Therefore, plaintiffs' contentions that Colorado law does not provide an adequate remedy for their claims is without merit.

■ Moreover, it is well settled that a state prisoner must, as a matter of comity, first exhaust his state remedies before a petition for habeas corpus can be considered by a federal court. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The purpose of this requirement of exhaustion is to provide the state holding inmates in custody an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Thus, exhaustion of state remedies serves to preserve the orderly administration of state judicial proceedings by preventing premature interruption of state adjudications by federal courts. Where a state prisoner, such as either plaintiff, has failed to exhaust his state remedies before filing a petition for habeas corpus in federal court, the federal court should dismiss the complaint. *Slayton v. Smith*, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971). Accordingly,

IT IS ORDERED that these civil actions and complaints be and hereby are dismissed for failure to exhaust available remedies in the Colorado state courts. Should plaintiffs exhaust their state remedies without obtaining the relief they seek, they may then file new petitions for habeas corpus in this court.