617 F.2d 589
 Chris Clayton HOADLEY, Petitioner-Appellant,
v.
Gordon HEGGIE, and J. D. MacFarlane, Respondents-Appellees.
James Richard LOWE, Petitioner-Appellant,
v.
COLORADO STATE BOARD OF ADULT PAROLE and J. D. MacFarlane,
Respondents-Appellees.
Ronald Le Roy SCHUEMANN, Petitioner-Appellant,
v.
COLORADO STATE BOARD OF ADULT PAROLE; J. D. MacFarlane,
Respondent-Appellee.
Michael Leigh SHEA, Plaintiff-Appellant,
v.
Gordon HEGGIE; J. D. MacFarlane, Defendants-Appellees.
 Nos. 79-1248, 79-1384, 79-1483 and 79-1630.
 United States Court of Appeals, Tenth Circuit.
 Submitted March 11, 1980.
Decided April 3, 1980.
 
 Appeals from the United States District Court For the District of Colorado; Richard P. Matsch, Sherman G. Finesilver, Judges.
 Before BARRETT, McKAY, and LOGAN, Circuit Judges.
 PER CURIAM.
 
 CERTIFICATION OF QUESTION OF STATE LAW
 
 1
 BARRETT, Circuit Judge.
 
 
 2
 The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of Colo.App.R. 21.1, hereby certifies to the Colorado Supreme Court the following question of Colorado law which is deemed to be dispositive of four causes now pending before this court. There is doubt as to whether the decisions of the Colorado Supreme Court provide controlling precedent.
 
 
 3
 Under the law of Colorado is there an effective available procedure by which a person confined in a Colorado correctional facility can seek state judicial review of the denial of parole by the Colorado State Board of Parole? See 28 U.S.C. Sec. 2254(b) and (c).
 
 STATEMENT OF FACTS
 
 4
 Petitioners, inmates at the Colorado State Penitentiary, were denied parole by the Colorado State Board of Parole (Board). Each of them subsequently filed in the United States District Court for the District of Colorado a petition for a writ of habeas corpus, challenging the parole denial on various grounds. Petitioners made no attempt to seek judicial review of the Board's action in state courts.
 
 
 5
 In the district court the petitions were assigned to different judges who reached conflicting determinations as to whether there was an effective state judicial procedure by which petitioners could present their claims. In this court, petitioners assert that Colorado law does not provide an effective judicial corrective process for review of their claims. Thus petitioners claimed the exhaustion doctrine has no application in these cases. The respondents contend that judicial review is available in the Colorado courts and petitioners must first exhaust that remedy before seeking federal relief.
 
 
 6
 The clerk of this court is directed to transmit this certification order to the Colorado Supreme Court and copies to all parties to the proceedings in this court. The clerk shall also send to the Colorado Supreme Court copies of the briefs filed in this court by the parties and either the originals or copies of the records filed by the clerk of the United States District Court for the District of Colorado in these appeals.