**Michael Leigh SHEA, Plaintiff-Appellant,**

v.

**Gordon HEGGIE; J. D. MacFarlane, Defendants-Appellees.**

**No. 79–1630.**

United States Court of Appeals, Tenth Circuit.

Submitted June 20, 1980.

Decided June 30, 1980.

See also, 10th Cir., 617 F.2d 589.

Michael L. Shea, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a dismissal of appellant's petition for a writ of habeas corpus. Appellant's petition challenges the action of the Colorado State Board of Adult Parole (Board) in denying him parole. Specifically, he alleged that he was denied due process of law in that:

(1) The Board had not established meaningful criteria for granting parole;

(2) He was denied access to his parole file;

(3) Erroneous information was considered in reaching the decision to deny parole;

(4) The reasons given in denying parole were vague and inadequate;

(5) A record of the June 1978 hearing does not exist and he has never re-

ceived the results of that hearing; and

(6) The Board denied him protection from double jeopardy.

■ Because the appellant has not sought judicial review of his claims at the state level, the district court found that the exhaustion requirement of 28 U.S.C. § 2254(b) precluded federal habeas corpus relief. Under 28 U.S.C. § 2254(b), a state prisoner's petition to a federal court for a writ of habeas corpus must be dismissed unless the applicant has exhausted the remedies available in state courts. *Slayton v. Smith*, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971); *Watson v. Patterson*, 358 F.2d 297 (10th Cir.), *cert. denied*, 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103 (1966). However, § 2254(b) also provides that there is no exhaustion requirement in the "absence of available State corrective process."

■ The district court in this case, 470 F.Supp. 778, concluded that the petitioner had a remedy under Colorado statutes.[1] Three other federal habeas corpus actions on appeal to this court also raised the exhaustion issue in this same context. Because the trial courts were split on whether there was an effective, available procedure under Colorado law by which a person confined in a Colorado correctional facility could seek state judicial review of the denial of parole by the Board, we certified this question to the Colorado Supreme Court pursuant to Colo.App.R. 21.1. *Hoadley v. Heggie*, 617 F.2d 589 (10th Cir. 1980). The Colorado Supreme Court responded that the decision to deny parole is clearly discretionary and therefore not subject to judicial review in the state courts of Colorado. In re: *Question Concerning State Judicial Re-*

---

1. Colo.Rev.Stat. § 13–45–101(1) (1978) provides:

If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme or district courts for a writ of habeas corpus

. . . .

Although an improper parole decision is not specifically mentioned as a grounds for habeas relief, Colo.Rev.Stat. § 13–45–103 (1978), states in part:

(2) If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:

.  .  .  .  .

(b) Where, although the original imprisonment was lawful, yet by some act, omission, or event which has subsequently taken place, the party has become entitled to his discharge. . . .

*view of Parole Denial,* 610 P.2d 1340 (Colo. 1980). Therefore, the invocation of the exhaustion doctrine by the district court was improper.

This case is reversed and remanded for consideration of the merits in light of *Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172 (10th Cir. 1980).