**Howard Wendell BEACOM, Plaintiff,**

v.

**VETERANS ADMINISTRATION, U. S. Attorney, U. S. Attorney General, Defendants.**

No. 80–4173–CV–C–W.

United States District Court, W. D. Missouri, C. D.

Jan. 13, 1981.

Howard Wendell Beacom, pro se.

Lynda Sybrant, Asst. U. S. Atty., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

On September 8, 1980, plaintiff Howard W. Beacom was granted leave of court pursuant to 28 U.S.C. § 1915, to file the above-entitled civil action *in forma pauperis.* Named as defendants in plaintiff's complaint are the Veterans Administration, the United States Attorney and the United States Attorney General. As a factual basis for his complaint, plaintiff alleges, in toto, the following:

### Count One

I.

Plaintiff is a resident of Missouri and of this district.

Defendant V.A., Atty (sic) General, U.S. Atty (sic) is government owend (sic) and this claim is based upon discrimination occuring (sic) within this district and this court thus has jurisdiction.

II.

On or about 21 November 1977 the Board of Veterans Appels (sic) did grant me service connection effective from August 16, 1966. The Vet. Administration has refused to pay me back compensation. The Board of Appels (sic) on May 26, 1976 I was given 30% by the V.A. back to 1974.

III.

As a direct result the plaintiff has been deined (sic) a place to live because of no payment and can't pay for a place to live.

IV.

Plaintiff has mad (sic) timely request and phon (sic) calls to V.A. V.A. will not even wright (sic).

### Count Two

Plaintiff realleges all allegations of Count One, supra, and further alleges:

I.

In not acting upon this the V.A. defendants were acting under the colors of United States law and regulatsons (sic).

In response to plaintiff's complaint, the defendants, through the United States Attorney for the Western District of Missouri, moved to dismiss this action for lack of subject matter jurisdiction. When plaintiff failed to make a timely response to defendants' motion, the Court, on December 2, 1980, entered an order directing plaintiff to show cause in writing why defendants' motion to dismiss should not be granted. To date, plaintiff has neither responded to the Court's order nor taken any action whatsoever to prosecute this case.

■ The Court has determined that plaintiff's action should be dismissed. Two separate reasons justify this result. First, plaintiff's action is subject to dismissal for failure to comply with an order of the Court. As stated in *M.S. v. Wermers,* 557 F.2d 170, 175 (8th Cir. 1977):

A district court has power to dismiss an action for failure of the plaintiff to comply with "any order of court." Fed.R. Civ.P. 41(b). Such action may be taken on the court's own motion, *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir. 1971); *see Stanley v. Continental Oil Co.,* 536 F.2d 914, 916–17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir. 1972); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–33, 82 S.Ct. 1386 [1388], 8 L.Ed.2d 734 (1962), and to protect the integrity of its orders, *Fendler v. Westgate-California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975).

Accordingly, in light of plaintiff's failure to comply with an order of the Court, and his additional failure to prosecute this cause in any manner, this case should be dismissed.

■ Alternatively, the Court finds that plaintiff's complaint should be dismissed because it is "frivolous" under the provisions of 28 U.S.C. § 1915(d). Pursuant to the foregoing statutory provision, a court in its

discretion may dismiss an action which appears to be "frivolous or malicious." *In re Smith*, 600 F.2d 714 (8th Cir. 1979); *Forester v. California Adult Authority*, 510 F.2d 58 (8th Cir. 1975). An action is deemed to be "frivolous" within the meaning of section 1915(d) if plaintiff's "realistic chances" for ultimate success in the proposed action are "slight." *Jones v. Bales*, 58 F.R.D. 451, 463 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). *See also Harvey v. Clay County Sheriff's Department*, 473 F.Supp. 741 (W.D.Mo.1979). The "determination as to frivolity is a legal determination as to whether there 'exists substantiality as to [plaintiff's claim] of justiciable basis and of impressing reality.'" *Serna v. O'Donnell*, 70 F.R.D. 618, 621 (W.D.Mo.1976), quoting *Carey v. Settle*, 351 F.2d 483, 484–85 (8th Cir. 1965).

 In the present case the Court is convinced that under the foregoing standards plaintiff's claims are frivolous. Plaintiff's complaint essentially seeks judicial review of allegedly unfavorable administrative decisions by the Veterans Administration. Such judicial review, however, is barred by 38 U.S.C. § 211(a). That statute provides in material part that

> the decisions of the Administration on any question of law or fact under any law administered by the Veterans Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive *and no other official or any court of the United States shall have power or jurisdiction to review any such* decision.... (Emphasis added.)

The federal courts construing this statute have uniformly held that they lack jurisdiction to review decisions by the Veterans Administration pertaining to veterans' benefits. *See, e. g., Anderson v. Veterans Administration*, 559 F.2d 935 (5th Cir. 1977); *Ross v. United States*, 462 F.2d 618 (9th Cir. 1972); *Perry v. United States*, 405 F.Supp. 1061 (E.D.Mo.1975). As the Eighth Circuit noted in *Merged Area X (Education) in the Counties of Benton, et al. v. Cleland*, 604 F.2d 1075, 1078 (8th Cir. 1979), section 211(a)

was designed to prevent judicial review of decisions on individual claims made by the VA. This is a valid policy since to not limit judicial review in this manner would overload the courts with the duty of second-guessing a specialized agency on technical and complex issues.

Clearly, this Court lacks jurisdiction to review the claims raised by plaintiff against the Veterans Administration as they pertain to the denial of benefits. Further, with regard to the other named defendants, the United States Attorney and the United States Attorney General, plaintiff's complaint, even when most liberally construed, fails to state a claim against them. Nothing in plaintiff's complaint indicates, nor could it, that these defendants played a part in the Veterans Administration's decision-making process. Under these circumstances, the Court finds that plaintiff's complaint is "frivolous."

Accordingly, for the reasons stated in the foregoing memorandum, it is hereby

ORDERED that this civil action be, and is hereby, dismissed. Each party to bear its own costs.