**UNITED STATES of America ex rel. Kelly DEVINE, Petitioner,**

v.

**James W. FAIRMAN, et al., Respondents.**

No. 81 C 5267.

United States District Court, N. D. Illinois, E. D.

April 22, 1982.

Kelly Devine, pro se.

Tyrone C. Fahner, Atty. Gen. of State of Illinois by Marcia L. Friedl, Asst. Atty. Gen., Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Petitioner, Kelly Devine, has filed a *pro se* petition for a writ of habeas corpus. In his petition, Devine challenges the action of the Illinois Prisoner Review Board in twice denying his application for parole. Before the court is the motion to dismiss of the various respondents. For the reasons which follow, the motion to dismiss is granted.

Petitioner was convicted of the offense of murder after entering a plea of guilty in the Circuit Court of Cook County on March 23, 1972. This conviction arose out of the shooting of a police officer. Petitioner was sentenced to an indeterminate term of imprisonment for a period of 30 to 70 years. Petitioner first appeared before the Illinois Prisoner Review Board in September, 1980. He was denied parole at this time because the Board was of the opinion that allowing parole would deprecate the seriousness of the offense. In July, 1981, petitioner again appeared before the Board and his parole was denied for the same reason.

On each occasion, petitioner's application was reviewed by a panel of ten Board members. Seven of the members that reviewed petitioner's application had extensive law enforcement backgrounds. Petitioner contends that the composition of the Board contains a disproportionate number of individuals with law enforcement backgrounds.[1] Petitioner argues that because members of the Board with prior law enforcement experience are not required by law, policy, or practice to recuse themselves from consideration of an application for parole by an inmate convicted of murdering a police officer, an inmate convicted of such a crime is denied his right to an impartial hearing. In addition, petitioner argues that as a result of the composition of the Board he is denied equal protection because other felons guilty of murder are more likely to obtain release

---

1. The statute which creates the Board provides that the governor may appoint individuals with varying backgrounds in addition to law enforcement. *See* Ill.Rev.Stat. ch. 38 § 1003–3–1 *et seq.*

on parole than those felons convicted of murdering a police officer. Petitioner makes no procedural due process claim.

 Petitioner's argument that due process considerations attach to the Illinois parole release statute is well taken. *U. S. ex rel. Scott v. Illinois Parole and Pardon Board*, 669 F.2d 1185 (7th Cir. 1982); *Greenholtz v. Nebraska Penal and Correctional Center*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Petitioner is also correct in asserting that the Due Process Clause entitles a person to an impartial and disinterested tribunal. *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Petitioner has failed to allege, however, that the Board members had some personal or official stake in the decision whether parole should be granted comparable to the risk of bias presented in *Tumey* or *Ward*. *See generally Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed.2d 749 (1927); *Ward v. Village of Monroeville*, 489 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972). Nor has petitioner alleged that the Board had manifested some bias directed toward him personally. *See Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). In addition, petitioner's allegations that as a matter of policy individuals that are convicted of murdering police officers are uniformly treated differently than other murderers, is insufficient to overcome the presumption of honesty and integrity which attaches to the activity of policymakers in the decision making process. *Hortonville Dist. v. Hortonville Ed. Assn.*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). *Cf. United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); *FTC v. Cement Institute*, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). In sum, petitioner's allegations related to the bias of the Board members with prior law enforcement experience do not rise to the level of a due process violation.

 Similarly, petitioner's allegations which are directed to the disparate treatment between classes of felons convicted of murdering law enforcement officers and other types of murder also fail to state a claim upon which relief may be granted. Petitioner argues that the statute which creates the Board and provides for the appointment of Board members with law enforcement experience, while nondiscriminatory on its face, operates in fact to deprive felons convicted of murdering police officers of equal protection. Assuming, as this court must, that the Parole Board treats petitioner's offense differently than other types of murder in assessing a parole application, this disparity in treatment does not offend the Equal Protection Clause. A state is not "constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented by the equal protection clause from confining its restrictions to those classes of cases where the need is deemed to be the clearest." *Skinner v. Oklahoma*, 316 U.S. 535, 540, 62 S.Ct. 1110, 1112, 86 L.Ed. 1655 (1942). Petitioner's allegations that the Board has adopted a policy of automatically denying parole to those guilty of a particular type of offense is not constitutionally impermissible. *U. S. ex rel. Scott v. Ill. Parole and Pardon Board*, 669 F.2d 1188, 1191 (1982).

For the reasons stated, respondents' motion to dismiss is GRANTED.