Tony Joe GALE, Plaintiff,

v.

Dick MOORE, Chairman, Missouri Board of Probation and Parole, Bill Duncan, Carolyn V. Atkins, Defendants.

No. 83–0755–CV–C–5.

United States District Court,
W.D. Missouri, W.D.

June 13, 1984.

Tony Joe Gale, pro se.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff, a state prisoner, who is currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has provisionally filed *in forma pauperis* a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343, seeking equitable relief and damages for certain claimed violations of his federally-protected rights by the Missouri Board of Probation and Parole.[1]

Under the provisions of 28 U.S.C. § 1915(d), the Court is authorized to dismiss an action where it is satisfied that the cause is "frivolous or malicious." *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). The dismissal of an action as "frivolous or malicious" is entirely discretionary with the Court, reviewable only for an abuse of that discretion. *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir.1975), *cert. denied* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). In reviewing a *pro se* complaint under that standard, the Court may dismiss an action only if it appears "beyond a doubt that [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983), *quoting Wilson v. Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981). The allegations contained in the complaint are entitled to a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but the complaint may be dismissed as "frivolous" if it fails to state a claim upon which relief can be granted. *See*

---

1. It is the practice of this Court to file provisionally those actions in which leave to proceed in forma pauperis has been requested, and then to proceed to a determination of whether or not the applicant is eligible to proceed unconditionally in forma pauperis under 28 U.S.C. § 1915. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857–58 (8th Cir.1982). A determination of "frivolity" may then be made at any later stage of the subsequent proceedings. Thus, after development of the record, it may be determined that an action is "frivolous" even though leave to proceed in forma pauperis was initially granted. *See* Section 1915(d), *supra*. This procedure has been approved by the United States Court of Appeals for the Eighth Circuit on numerous occasions. *See Forester v. California Adult Authority*, 510 F.2d 58, 60 (8th Cir.1975). *See also In Re: Willis Smith*, 600 F.2d 714 (8th Cir.1979).

*Matz v. Kelsch,* 638 F.2d 48, 49 n. 2 (8th Cir.1981). However, even though "pleading leniency is necessary to counteract the [*pro se* litigant's] lack of legal expertise, the same degree of predisposition in favor of the *pro se* plaintiff is not called for when a [later] determination is made under § 1915(d)." *Collins v. Cundy,* 603 F.2d 825, 827–828 (10th Cir.1979). Thus, at a later stage of the proceedings when a record has been subsequently developed, an action may be dismissed as "frivolous" if it is determined that plaintiff's "realistic chances" for ultimate success in the proposed action are "slight." *Jones v. Bales,* 58 F.R.D. 453, 463 (N.D.Ga.1972), *affirmed* 480 F.2d 805 (5th Cir.1973). *See also Anderson v. Nelson,* 700 F.2d 37 (2d Cir.1982); *Holsey v. Bass,* 519 F.Supp., 395 (D.Md. 1981); *Beacom v. Veterans Administration,* 89 F.R.D. 515 (W.D.Mo.1981); *Harvey v. Clay County Sheriff's Department,* 473 F.Supp. 741 (W.D.Mo.1979). Based upon plaintiff's allegations and the briefs presently before the Court, it is clear that plaintiff's claims herein should be considered "frivolous" under the statutory standard of Section 1915(d).

Plaintiff alleges that the defendants violated his constitutional rights when they denied him parole because he was a sex offender. Plaintiff requests that the Court order the parole board to show cause why he was not granted parole, review the last fifty parole decisions, and order the present parole board members removed. Plaintiff also seeks $5,000,000 from each parole board member.

 Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, which provides a remedy for the violation of constitutionally-protected rights. Jurisdiction is granted the Court by 28 U.S.C. § 1343. Section 1983 does not provide a remedy for every wrong committed under color of law. The plaintiff must show deprivation of a right secured by the Constitution or laws of the United States before the injury is actionable. The plaintiff must establish an entitlement, right, or liberty interest that is protected by state or federal law. *Meachum v. Fano,* 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976);

*Peck v. Hoff,* 660 F.2d 371, 373 (8th Cir. 1981). A prisoner has no constitutional or federally-created right to parole. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S., 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). Therefore, the Court must examine state law to determine if the plaintiff has a legal entitlement or right to parole based upon Missouri statutes.

Missouri's parole statute, R.S.Mo. § 217.-690 (Supp.1982), provides that "[w]hen in its opinion there is a reasonable probability that an inmate of a state correctional institution can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person." (emphasis added). That language replaced the mandatory language of the prior parole statute which had been held to establish a protected liberty interest in parole by the Eighth Circuit in *Williams v. Missouri Board of Probation and Parole,* 661 F.2d 697 (8th Cir.1981).

 The current Missouri parole statute, § 217.690, Mo.Rev.Stat. (Supp.1982), does not create a liberty interest which invokes due process considerations. The mere possibility of parole release does not create a liberty interest which invokes due process considerations. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra* 442 U.S. at 11, 99 S.Ct. at 2105. On this basis, it has been held uniformly that the statutes of other states do not create an expectation of parole release sufficient to trigger due process procedural protections. *See Slocum v. Georgia State Board of Pardons & Paroles,* 678 F.2d 940 (11th Cir.1982) (Georgia); *Williams v. Briscoe,* 641 F.2d 274 (5th Cir.1981) (Texas); *Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172, 175 (10th Cir.1980) (Colorado); *Averhart v. Tutsie,* 618 F.2d 479 (7th Cir. 1980) (Indiana); *Sharp v. Leonard,* 611 F.2d 136 (6th Cir.1979) (Ohio). Nor do the Parole Board's regulations establish an entitlement to parole. The regulations establish guidelines to aid the Board in a determination of when to grant parole, but the

regulations do not mandate release on parole when certain criteria is met or establish an entitlement to parole. The guidelines merely indicate the customary range of time to be served, thereby creating no liberty interest. *Jago v. Van Curen*, 454 U.S. 14, 102 S.Ct. 31, 33–36, 70 L.Ed.2d 13 (1981). Procedural guidelines enacted to control the exercise of discretion do not create a liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). The granting of parole is wholly within the discretion of the parole board.

Here, plaintiff has alleged no viable claim based upon due process expectations. He has pointed to no statute, regulation, practice or custom which creates a liberty interest in parole consideration. "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision-making must comply with standards that assure error-free determinations." (citations omitted). *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, supra,* 442 U.S. at 7, 99 S.Ct. at 2104. Nor has he shown that a statute or regulation has incorporated "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demand[ing] [the] conclusion that the State has created a protected liberty interest." *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). *See also Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montayne v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981). Thus, any claim plaintiff may have for violation of his due process rights is patently frivolous.

Plaintiff also has alleged that the Parole Board's decision was incorrect and was based in part on erroneous information. These allegations, however, do not state a cause of action under § 1983. Section 1983 provides a remedy only for violation of constitutionally-protected rights. This Court does not have jurisdiction to review the decisions of state administrative agencies to determine if they are based upon correct information. Section 1983 does not provide a remedy for every alleged wrong committed under color of law.

Although the due process clause is not implicated by the Board's decision denying plaintiff parole, the decision must be examined to determine if it violated other constitutional protections. The equal protection clause prohibits denial of governmental benefits based upon impermissible classifications. "Absent any allegations of improper classification or discrimination among citizens, there is no judicially cognizable equal protection cause of action." *Shortino v. Wheeler,* 531 F.2d 938, 939 (8th Cir.1976). Plaintiff alleges no such discrimination. Any claim that plaintiff may have for violation of the equal protection clause because he was denied parole due to the nature of his offense obviously is frivolous. Naturally, the nature of plaintiff's offense is an important and entirely proper consideration in determining whether he should be granted parole. *Schuemann v. Colorado State Board of Adult Parole,* 624 F.2d 172, 174 (10th Cir.1980); *United States ex rel. Devine v. Fairman,* 537 F.Supp. 883, 885 (N.D.Ill.1982).

The decision of the Board of Parole to grant or deny parole is a "predictive judgment as to what is best both for the individual inmate and for the community." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Accordingly, the Board may properly consider many factors, including, but not limited to, the length and seriousness of the applicant's prior criminal record, his institutional record, his family and marital background, the seriousness of the offense for which he was convicted, and the likelihood that he will commit criminal offenses of a similar nature in the future. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra.* "The parole release decision . . . depends upon an amalgam of elements, some of which are factual but many of which are purely subjective

appraisals by the Board members based upon their experience with the difficult and sensitive tasks of evaluating the advisability of parole release." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra* at 2105.

Plaintiff has requested monetary relief from the defendants. The defendant parole officers are entitled to absolute immunity while performing their official duties. *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir.1983). According to the allegations in plaintiff's complaint, defendants were performing their official duties when they denied plaintiff parole. Accordingly, plaintiff's damage claim is frivolous.

For the foregoing reasons, it is hereby

ORDERED that this cause is dismissed as "frivolous" under 28 U.S.C. § 1915(d).