13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia Helen BUSH, named: Pat Bush, Plaintiff-Appellant,
v.
REAL ESTATE COMMISSION, Defendant-Appellee.
 No. 93-1196.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 16, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 MOORE
 
 1
 This pro se appeal presents a confusing mixture of jurisdiction by which Pat Bush attempts to recover the loss of her Colorado Real Estate license. Having been deprived of that license following state administrative procedures during which she failed to exercise her appellate remedies, she attempted to resurrect that lifeless cause by filing in the district court a pleading entitled "Request for Judicial Review." Stating fifteen separate issues pertaining to the authority of the state agency to charge her with violations of state law and the manner in which the proceeding was conducted, including allegations of failure of proof, Ms. Bush sought the return of her real estate license and related injunctive orders directed to the Colorado Real Estate Commission and the state Attorney General.[2] After very liberally construing the pleading as a complaint under 42 U.S.C.1983, the district court dismissed the action on the ground Ms. Bush's allegations of constitutional deprivations were "so vague and unprecise that the plaintiff has failed to set out the basis for a violation of the United States Constitution and therefore for the jurisdiction of this court." We affirm that judgment.
 
 
 2
 Displaying a confusion over the jurisdiction of federal courts, Ms. Bush contends on appeal that the district court erred in not reviewing the state administrative record of the proceedings leading to the revocation of her license. She protests, "[i]f the motion to dismiss is granted and upheld, there would be no review whatsoever of the Administrative Law Judge's final order, no matter how illegal it was on the merits." Ms. Bush's mistake is the review she alludes to was available to her only in the state proceedings, but she failed to take advantage of that remedy. It is not within the jurisdiction of federal courts to review the administrative decisions of state agencies.
 
 
 3
 The district court made an effort to give Ms. Bush the benefit of doubt by liberally viewing her pleadings. Construing her "Request for Judicial Review" as an attempt to assert federal civil rights laws as a basis for federal jurisdiction, the court tried to bring some reason to this action. Nonetheless, it is unassailable Ms. Bush's only contention is that the state hearing procedure was improperly conducted and the outcome was contrary to her perception of right. That belief, however, does not support jurisdiction in the federal system.
 
 
 4
 Ms. Bush failed to exercise the review available to her in the State of Colorado. She cannot overcome that failure by beseeching federal courts to aid her by exercising powers they do not possess. See Anderson v. State of Colorado, 793 F.2d 262, 263 (10th Cir.1986). The time has come for her to recognize the futility of this attempt.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 Sandwiched in the middle of the generalized claim of the errors and deprivations visited upon her by the state is an assertion the bankruptcy court had denied her the relief she sought from creditors. How this claim arises in the context of the request for judicial review is unclear. It is evident from the record, however, Ms. Bush sought a discharge in bankruptcy prior to the loss of her license, and some of her unsecured creditors were complaining parties in the state license revocation proceedings. Ms. Bush was denied a discharge in the case. This is not an appeal from that decision