**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL J. WILDER,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES,

      Defendant-Appellee.

No. 97-5175
(D.C. No. 97-CV-478-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Samuel J. Wilder appeals from an order of the district court dismissing his request for declaratory and injunctive relief for lack of jurisdiction and for failure to exhaust his administrative remedies. We affirm.

On March 18, 1997, Mr. Wilder was notified that his eligibility for food stamps would expire April 30, 1997, and that he needed to reapply by April 15, 1997. He returned his application May 7, 1997. Consequently, no redetermination of his eligibility could be made until after his benefits had expired. Mr. Wilder commenced this action May 16, 1997, seeking to have the federal court order defendant to comply with federal guidelines in evaluating his application for food stamps. Defendant denied Mr. Wilder's application May 20, 1997. Defendant held that Mr. Wilder had failed to comply with new regulations which mandate that able-bodied adults without dependents comply with work requirements to be eligible to participate in the food stamp program for longer than three months during any thirty-six month period. See Okla. Stat. tit. 56, § 241.3(A). Mr. Wilder was notified of his right to appeal that decision.

The district court dismissed the action both because Mr. Wilder had not exhausted his administrative remedies and because the federal court had no jurisdiction over this action. See, e.g., Okla. Stat. tit. 56, § 168. Mr. Wilder appeals arguing that this ruling was in error. He also contends the requirement

of exhaustion is discretionary, his administrative remedies are ineffective, and defendant unduly delayed ruling on his application.

Mr. Wilder failed to comply with the regulations. His failure does not amount to undue delay on the part of defendant. Mr. Wilder should have followed the administrative appellate procedures if he disagreed with defendant's denial of his reapplication for food stamps. Federal courts do not have jurisdiction to review administrative decisions of state agencies. See Bush v. Real Estate Comm'n, No. 93-1196, 1993 WL 523198, at *1 (10th Cir. Dec. 16, 1993); Gale v. Moore, 587 F. Supp. 1491, 1494 (W.D. Mo. 1984) (federal court "does not have jurisdiction to review the decisions of state administrative agencies to determine if they are based upon correct information."), aff'd, as modified on other grounds, 763 F.2d 341 (8th Cir. 1985). Further, Mr. Wilder has not shown that the regulations and procedures set in place by Oklahoma violate the purpose of the Food Stamp Program Act, 7 U.S.C. § 2011; see also, id. § 2020.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge

-3-