Jack D. JOHNSON, Appellant,

v.

Patrick STARK, Appellee.

No. 83–1119.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 3, 1983.

Thomas P. Peffer of Shuttleworth & Ingersoll, Cedar Rapids, Iowa, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., Layne M. Lindebak, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Jack D. Johnson appeals from the district court's[1] dismissal of his pro se civil rights complaint as frivolous. For reversal appellant argues that the district court erred in determining that the claims set forth in his complaint were speculative and conclusory.[2] For the reasons discussed below, we affirm.

On November 2, 1982, appellant filed a pro se complaint under 42 U.S.C. § 1983 against Patrick Stark, a correctional counselor at the Iowa Men's Reformatory where appellant had been incarcerated. The district court conditionally dismissed the complaint as frivolous unless appellant amended the complaint by December 9, 1982. Appellant filed an amended complaint on December 6, 1982, but the court again conditionally dismissed it as frivolous granting appellant until December 27, 1982 to amend. On December 20, 1982, appellant submitted his second amended complaint, which the district court dismissed with prejudice as frivolous. Appellant then instituted this appeal, arguing that his complaint sufficiently stated three claims against Stark for deprivations of his constitutionally protected liberty interests in work release, time-served credit, and access to the courts.

■ First, appellant alleged that Stark deprived him of a constitutionally protected liberty interest by arbitrarily excluding him from the Iowa work release program during the last six months of his sentence in con-

travention of Iowa Code Ann. chapter 247A (West 1969 & Supp.1983). Appellant maintained that chapter 247A required that all prisoners be placed in the work release program six months prior to the expiration of their sentence. According to appellant, Stark erroneously determined that appellant was ineligible to participate in the work release program because he was serving a sentence for escape. Assuming *arguendo* that appellant's factual allegations are true, we nevertheless believe his claim is frivolous because the Iowa statute setting up the work release program does not create a constitutionally protected liberty interest. Iowa Code Ann. § 247A.4 provides in pertinent part:

An inmate eligible to participate in the work release program may make application to the superintendent or executive officer of the institution in which confined for *permission* to participate in the program. * * * The superintendent or executive officer *may, at his discretion,* recommend such application to the [State Work Release Committee]. The committee *may* approve, disapprove, or defer action on the recommendation. [Emphasis added.]

Because this statute places no substantive limitations on the discretion of prison officials in choosing which prisoners may participate in the work release program, the state has not created a constitutionally protected liberty interest. *See Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). Therefore, appellant was not deprived of a federal right when his application for work release was rejected, and he has no cause of action under section 1983. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

[2, 3] Appellant's second and third claims are essentially the same and involve allegations that Stark "did arbitrarily deny

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. Although appellant proceeded pro se in the district court, he was represented by court-appointed counsel on appeal. The court expresses its appreciation to appellant's counsel for submitting excellent briefs on this appeal.

and interfere with [appellant's] efforts to obtain time-served jail credit toward the sentence [he] was then serving." As a result, appellant maintains that he had to serve several days in prison beyond the legal termination of his sentence. While pro se pleadings are liberally construed and held to less stringent standards than pleadings drafted by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980), "[s]uch pleadings must nonetheless not be conclusory and must set forth a claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Nickens v. White*, 536 F.2d 802, 803 (8th Cir.1976). Appellant's complaint is devoid of any facts to support his claims for relief even though he was given two opportunities to amend his complaint to correct his deficiency. *See McClain v. Kitchen*, 659 F.2d 870, 872 (8th Cir.1981). We agree with the district court's conclusion that appellant's claims regarding access to the courts were conclusory and affirm the court's dismissal of these claims as frivolous. *See* 28 U.S.C. § 1915(d).

Accordingly, the judgment of the district court is affirmed.