## Lillian HARVEY, Plaintiff,

v.

## THREE DOCTORS FROM INDIA and Dr. George Grossberg at Wohl Institute, and Mr. Riley at Marymount Manor, Defendants.

No. 84–2456C(2).

United States District Court,
E.D. Missouri
St. Louis Division.

Nov. 29, 1984.

Lillian Harvey, pro se.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court for a determination of whether process should issue. Plaintiff is proceeding *in forma pauperis* and is *pro se.*

Under 28 U.S.C. § 1915 an action is frivolous and may be dismissed pursuant to § 1915(d) if it fails to state a claim upon which relief can be granted under *Martin-Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982); *Matz v. Kelsch,* 638 F.2d 48, 49 n. 2 (8th Cir.1981). A *pro se* civil rights complaint is held to less stringent standards than those required of complaints drafted by an attorney, *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (*per curiam*); *McNally v. Pulitzer Publishing Company,* 532 F.2d 69, 73 n. 3 (8th Cir.1976) *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976), and can be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff could prove no set of facts supporting a claim for relief. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Guy v. Swift and Company,* 612 F.2d 383 (8th Cir.1980) (*per curiam* ).

After careful consideration of the matter the Court determines that plaintiff's claim fails to state a claim for relief. Even if her claim is arguably under 42 U.S.C. § 1983, plaintiff fails to allege that defendants were acting under color of state law, an essential element of a § 1983 claim. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

Accordingly, plaintiff's complaint will be dismissed and the Clerk ordered not to issue process.