802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DARWIN GRAVITT, Plaintiff-Appellant
v.
WAYNE W. STINE; TOM OSIER, Defendants-Appellees.
 No. 86-1066
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 1
 BEFORE: MERRITT, KRUPANSKY and RYAN, Circuit Judges
 
 ORDER
 
 2
 The plaintiff appeals the judgment dismissing his pro se prisoner civil rights action. He now seeks the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is a Michigan inmate incarcerated at the Marquette Branch Prison. As the result of disciplinary proceedings in 1982, he was reclassified to administrative segregation. Nearly three years later, he filed this action under 42 U.S.C. Sec. 1983 asserting his incarceration in the prison wing to which he was assigned as a result of the above proceedings constituted cruel and unusual punishment. Naming as defendants the two deputy wardens who reclassified him, the plaintiff sought two hundred billion dollars in damages.
 
 
 4
 The defendants moved for dismissal of the action on grounds the plaintiff failed to support his claims with particularized facts showing a constitutional deprivation. The district court agreed and entered judgment dismissing the action. This timely appeal followed.
 
 
 5
 Although civil rights pleadings filed by pro se prisoners are to be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), even pro se litigants must set forth a cognizable federal constitutional claim. Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976). Conclusory allegations not supported by particularized facts demonstrating a constitutional deprivation do not state a claim under Sec. 1983. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Johnson v. Stark, 717 F.2d 1550 (8th Cir. 1983). We conclude the district court did not err in dismissing the plaintiff's action on this ground.
 
 
 6
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 7
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 8
 It further is ORDERED that the district court's judgment of December 20, 1985, be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.