Michael A. MAHFOUZ, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction; Woodson D. Walker, Chairman, Arkansas Board of Correction; Charles Mazander, Vice Chairman; Morris Dreher; Donald H. Smith; Bobby L. Roberts; Floyd P. Johnson; Nancy E. Talbert, Members, Arkansas Board of Correction, Steve Clark, Attorney General; Bill Clinton, Governor, State of Arkansas, Appellees.

No. 86–2522.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 2, 1987.

Decided Aug. 25, 1987.

Michael Mahfouz, pro se.

A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Michael A. Mahfouz appeals pro se and in forma pauperis from a final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing his civil rights complaint. For reversal, Mahfouz argues that the denial of the opportunity to apply for participation in one of Arkansas' work/study release programs violated his fourteenth amendment rights to due process and equal protection. For the reasons discussed below, we affirm the judgment of the district court.

Mahfouz, an Arkansas state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983 (1982), against the Director of the Arkansas Department of Correction (ADC) and its board members, the Attorney General, and the Governor. He is serving a six-year sentence as a result of his 1984 conviction on three counts of sexual abuse involving minors. Mahfouz alleges his constitutional rights were violated when he was arbitrarily denied the opportunity to apply for participation in the Arkansas work/study release program for inmates housed *outside* ADC facilities because he is a sex offender. Mahfouz contends that because the Arkansas legislature has statutorily excepted certain convicts from the program, the ADC is without discretion to further limit and restrict participation in the program. In addition, Mahfouz raises an equal protection objection to the ADC policy excluding sex offenders from eligibility for the work release program, while not excluding inmates convicted of what he feels are equally or more serious offenses. The district court determined that Mahfouz's claims were without merit and granted defendants' motion to dismiss. This appeal followed.

## DUE PROCESS

A liberty interest protectible under the due process clause of the fourteenth amendment " 'may arise from two sources—the Due Process Clause itself and the laws of the States.' " *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983), *quoted in Clark v. Brewer*, 776 F.2d 226, 230 (8th Cir.1985). Although there is no constitutionally based liberty interest in participating in a work release program, *see Johnson v. Stark*, 717 F.2d 1550 (8th Cir.1983) (per curiam) (*Johnson*); *Matz v. Kelsch*, 638 F.2d 48 (8th Cir.1981) (per curiam) (*Matz*), a state may create such a liberty interest when its statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms. *See Board of Pardons v. Allen*, — U.S. —, 107 S.Ct. 2415, 2419, 96 L.Ed.2d 303 (1987); *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 11–12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979) (*Greenholtz*); *Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir.1984) (*Parker*).

In *Parker*, this court set forth two standards which determine whether a statute or regulation creates a protected liberty interest in *parole:* (1) whether the statute or regulation uses mandatory language similar to the language in the Nebraska statute at issue in *Greenholtz* and (2) whether the statute or regulation contains particularized substantive standards

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

or criteria which significantly guide parole decisions. 750 F.2d at 656, 661. Applying these standards in the instant case, we hold that the Arkansas statutes do not create a protected liberty interest in participation in the work/study release program.

Initially, the state statute authorizing work release contains no mandatory language. Until 1983, Ark.Stat.Ann. § 46–117 (1977 Repl.) (emphasis added), provided in pertinent part: "The Department *may* institute 'work release' programs under which inmates *selected* to participate in such programs may be gainfully employed or attend schools outside of the units maintained by the Department, *under rules and regulations promulgated by the Commissioner* with the *approval* of the Board." In 1979, the Arkansas legislature enacted § 46–117.1, excluding persons convicted of certain offenses from participation in *any* work release program,[2] and later amended § 46–117 and, in part, authorized the Board of Correction to house inmates in approved locations *outside* ADC institutions. 1983 Ark.Acts 814. Section 46–117 (emphasis added) now includes the following provision: "The Board *may* promulgate rules and regulations to allow work/study release inmates to reside at approved locations *outside* of the Department of Correction. Those rules and regulations include approval from the sheriff and/or chief of police of the area in which the inmate would reside."

In addition to containing no mandatory language, the amended statutes do not contain particularized substantive standards which significantly guide the Board's discretion to grant work release. Other than specifically excepting certain inmates from the programs, the statutes provide no standards for the program and place no restrictions on the Board's authority to promulgate rules and regulations for the work/study release programs. Therefore, the Arkansas statutes do not create a protected liberty interest in participation in work release programs.

■ Moreover, the regulations implementing the statutes do not establish a protected liberty interest. Pursuant to Acts 814, the Board of Correction adopted Administrative Regulation (AR) 1211. The regulation establishes procedures for the selection of eligible inmates to be assigned to the work/study release program for inmates housed *outside* ADC facilities. In addition to excluding certain inmates from participation in all work release programs pursuant to § 46–117.1, the regulation also provides that inmates convicted of any sex offense are ineligible for the program. Although the regulation contains substantive criteria to be used in determining *eligibility* for the work release program, the unit warden, assistant director, director, and Board retain broad discretion in *selecting* eligible inmates to participate in the program. In this case, Mahfouz is not even eligible for the program because the regulation excepts sex offenders from participation.

Mahfouz asserts that because rape is the only sex offense covered by § 46–117.1, the Board's discretion to determine which prisoners shall be eligible for work release is limited. A similar statute was one of several Arkansas parole statutes considered by this court in the *Parker* case. The Arkansas legislature had excepted persons convicted of certain crimes from eligibility for release on parole. Ark.Stat.Ann. § 43–2807.1 (Supp.1985) (originally enacted as 1983 Ark.Acts 772, § 1). This court held that the statutes did not create any liberty interest in parole and "[did] not limit the Board's discretion to determine which eligible inmates shall be paroled." *Parker*, 750 F.2d at 653, 657 n. 5.

Our conclusion that Arkansas' work release statutes and regulations do not create a protectible liberty interest is consistent with those of other cases involving work release in different states. *See Baumann v. Arizona Department of Corrections,*

---

**2.** Ark.Stat.Ann. § 46–117.1 provides: "No person convicted of a capital offense, murder in the first degree, rape, kidnapping, or a person convicted for the second or subsequent time of aggravated robbery shall be allowed to participate in any work release program conducted by or for the Department of Correction."

754 F.2d 841, 844–45 (9th Cir.1985) (no constitutionally protected liberty interest in Arizona's work release program); *Johnson,* 717 F.2d at 1551 (Iowa statute establishing a work release program does not create a constitutionally protected liberty interest because the statute places no substantive limitations on the discretion of prison officials in choosing which prisoners may participate in the program); *Matz,* 638 F.2d at 49–50 n. 4 (a constitutionally protected liberty interest in participating in North Dakota's work release program highly doubtful because the program is completely discretionary); *cf. Winsett v. McGinnes,* 617 F.2d 996, 1007 (3d Cir.1980) (banc) (prisoner had a protectible interest in work release because he met eligibility criteria and prison officials acted outside legitimate bounds of discretion in rejecting his application), *cert. denied,* 449 U.S. 1093, 101 S.Ct. 891, 66 L.Ed.2d 822 (1981).

**EQUAL PROTECTION**

■ Mahfouz next argues that the district court erred in dismissing his claim that AR 1211 violates the equal protection clause because it does not allow sex offenders to participate in the work release program. We agree with the district court's determination that there is no merit in this claim. The state's decision to distinguish sex offenders as a group from other inmates and exclude them from the work release program is rationally related to the legitimate government purpose of preventing sex crimes and thus does not violate the equal protection clause. *See Finley v. Staton,* 542 F.2d 250, 250 (5th Cir.1976) (per curiam) (no merit to equal protection objection to Alabama's requirement that sex offenders obtain special certification by the Board in order to be eligible for work release); *cf. Gale v. Moore,* 763 F.2d 341, 343–44 (8th Cir.1985) (per curiam) (no equal protection violation in different standard of parole for sexual offenders).

In sum, because Arkansas statutes and regulations do not establish a protectible liberty interest in participation in a work release program, the district court did not err in dismissing Mahfouz's due process claims. In addition, the district court properly determined there is no merit to Mahfouz's equal protection challenge.

Accordingly, the judgment of the district court is affirmed.