Winston HOLLOWAY; Jeff Arbaugh;
Larry Jones; and Terry
Proctor, Appellants,

v.

Dennis PIGMAN, Chaplain; Dewie W. Williams, Chaplain; Arthur Lockhart, Director, A.D.C.; Randy Morgan, Asst. Director; Larry Norris, Warden; Marvin Evans, Asst. Warden; Robert Perry, Major, Tucker Unit; Board of Correction, All in Their Individual and Official Capacities, Appellees.

No. 88–1685.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1989.

Decided Aug. 31, 1989.

Marcia Barnes, Little Rock, Ark., for appellants.

David B. Eberhard, for appellees.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Winston Holloway, Jeff Arbaugh, Larry Jones and Terry Proctor (collectively, plaintiffs) are inmates housed in the Maximum Security Unit (MSU) of the Arkansas Department of Corrections (ADC). Plaintiffs filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison chaplains, various prison officials, and the Board of Corrections (collectively, defendants) violated plaintiffs' rights to freedom of religion, speech and association, and to due process and equal protection. The district court[1] granted defendants' motion for summary judgment on the issues of plaintiff Holloway's access to religious items and the claims of mail interference, and dismissed the claim involving misuse of inmate welfare funds for failure to state a claim upon which relief could be granted. We affirm.

On appeal, plaintiffs allege that the district court erred in granting summary judgment to the defendants because (1) plaintiff Holloway raised genuine issues of material fact concerning defendants' denial of his access to Native American religious items, and (2) plaintiffs raised genuine issues of material fact that procedural safeguards were lacking in the prison mail system, causing a violation of plaintiffs' due process rights to their mail. Plaintiffs further allege that the district court erred in dis-missing their claim that defendants misused the inmate welfare fund, arguing that the complaint and amended complaint were sufficient to state a cause of action. We shall address briefly each of plaintiffs' arguments.

■ In reviewing the district court's grant of summary judgment, we must determine whether the record as it stands reveals any disputed issues of material fact. Fed.R.Civ.P. 56(c). To be material, the disputed facts must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of a genuine issue of fact is predicated on the existence of a legal theory which can be considered viable under the nonmoving party's version of the facts. *Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987).

In his complaint, plaintiff Holloway asserted that defendants denied him the opportunity to practice his Native American religion in any meaningful way; that defendants sought to frustrate such practice; and that defendant Norris, Warden of MSU, denied Holloway the use of certain nonhazardous religious items which were stored in Norris' office. In response, defendants filed a motion for summary judgment with supporting affidavits. In his affidavit, Warden Norris stated that he had done nothing to prevent or frustrate Holloway from practicing his religion as long as Holloway's practice did not create a security risk or breach prison policy. Norris also stated that he did not have any of Holloway's property in his office and was not aware of the nonhazardous items referred to in Holloway's complaint. In an attempt to rebut Norris' affidavit, Holloway sub-

---

**1.** The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

mitted copies of grievances he had filed with the ADC while attempting to obtain sage and sweet grass to use in worship. Holloway also submitted an ADC Inmate Personal Property Record stating that sage and sacred tobacco were stored in the warden's office.

 In determining whether Holloway's right to freedom of religion was violated, we apply a reasonableness standard. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 *quoting Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). A prison regulation that infringes on a prisoner's constitutional rights is valid if it is "reasonably related to legitimate penological interests." *Id.* In *O'Lone*, the Supreme Court considered the degree of infringement in determining whether a prisoner's rights were violated. Here, Holloway does not detail what the practice of his Native American religion requires, nor does he assert any facts showing that he is deprived of all opportunity to practice his religion because Norris possesses his sage and sweet grass. Any disputes over whether Norris actually has the sage and sweet grass is not material, given the scant and conclusory allegations in Holloway's complaint. Like the district court, we find no genuine issue of material fact which would require reversal of the district court's grant of summary judgment.

Plaintiffs' complaint also asserted that defendants denied plaintiffs access to mail received at MSU without notice or an opportunity to contest the denial. In particular, the complaint states that first class mail addressed to Holloway from family and friends was delayed and confiscated. The complaint asserts that none of the plaintiffs ever received notice of mail rejection, censorship or confiscation.

In Warden Norris' affidavit in support of defendants' motion for summary judgment, he stated that when an inmate receives mail that violates departmental policy, the inmate is notified and the mail is returned to the sender. Inmates are not afforded a procedure by which to protest mail rejection decisions. Inmates on punitive status are not allowed to receive general correspondence until they go on forty-eight hour relief, and are not notified when such mail is received.

 We note, as did the district court, that this court has addressed the validity of the mail regulations at issue here. *Little v. Norris*, 787 F.2d 1241, 1243–44 (8th Cir. 1986). In *Little*, we considered the constitutionality of the temporary suspension of an inmate's nonlegal mail as part of a disciplinary action, and upheld such a restriction. Holloway's allegation involving delay of mail received while he was on punitive status involves, at most, a random misapplication of a reasonable regulation which does not defeat the grant of summary judgment.

 With respect to the regulations which allow prison officials to return to the sender mail that violates prison regulations without allowing inmates an opportunity to protest, we apply the reasonableness standard enunciated by the Supreme Court in *Turner*. See *Thornburgh v. Abbott*, —— U.S. ——, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (limiting *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), to outgoing correspondence and applying reasonableness standard to incoming correspondence from outsiders). Plaintiffs presented no evidence showing that prison administrators drew distinctions between incoming mail based on anything other than implications for prison security, as alleged by prison officials. Therefore, we conclude that plaintiffs raised no genuine issue of material fact regarding whether the procedures in question were "reasonably related to legitimate penological interests."

 In their amended complaint, plaintiffs challenged the manner in which the inmate welfare fund was used, arguing that they were being deprived of their property rights in the fund without due process. The district court granted defendants' motion to dismiss, finding that the complaint at best stated a property claim not cognizable under 42 U.S.C. § 1983. We agree with the district court's conclusion that even taking the pleaded facts as true,

the pleadings do not state a claim as a matter of law. *See Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir.1983).

For the reasons stated above and for the reasons stated by the district court, we affirm.