915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Ray SHARPE, Plaintiff-Appellant,
v.
Jeff REYNOLDS, Jack Morgan, James Vandever, Defendants-Appellees.
 No. 89-6540.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Danny Ray Sharpe, a pro se Tennessee prisoner, appeals the order of the district court dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Sharpe sued the defendants (Commissioner of the Tennessee Department of Corrections, Warden and Associate Warden of the Tennessee State Penitentiary at Nashville) for their alleged interference in a medical malpractice action Sharpe had brought in state court through an attorney. The defendants in the present action filed a motion to quash a writ of habeas corpus ad testificandum which would have permitted Sharpe to attend his civil trial. The state court granted the motion to quash and Sharpe, believing his case to be prejudiced by his inability to testify personally, settled his claim for $243,000 less than he had sought. Sharpe then filed this suit, alleging that the defendants' action: (1) violated his right of access to the courts, (2) denied his right to equal protection, and (3) impermissibly intruded into his private affairs. He also claimed that the defendants violated his rights under the Tennessee Constitution. The district court dismissed Sharpe's complaint sua sponte as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 3
 On appeal, Sharpe argues that the district court failed to consider his right to have his fair day in court and his equal protection arguments. He also requests the appointment of counsel in his brief.
 
 
 4
 We shall affirm the district court's order because Sharpe's complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Sharpe has no basis for his suit because the action depriving him of his day in court was taken, not by the defendants, but by the judge who granted the motion to quash. Besides not being named a defendant in this case, the judge holds absolute immunity for his decision. Pierson v. Ray, 386 U.S. 547, 553-54 (1967).
 
 
 6
 Even had the defendants' action been sufficient in itself to deprive Sharpe of his day in court, there would still be no basis to find a violation of his right of access to the courts. Prisoners who bring civil actions generally have no right to be personally present at any stage of the judicial proceedings. Price v. Johnston, 334 U.S. 266, 285-86 (1948); Holt v. Pitts, 619 F.2d 558, 560 (6th Cir.1980).
 
 
 7
 Sharpe also has no basis for his equal protection claim because he was not arbitrarily denied a privilege enjoyed by fellow inmates. Durso v. Rowe, 579 F.2d 1365, 1372 (7th Cir.1978), cert. denied, 439 U.S. 1121 (1979). His bald statement to that effect, unsupported by any factual allegations, is conclusory and fails Neitzke scrutiny. See Johnson v. Stark, 717 F.2d 1550, 1552 (8th Cir.1983).
 
 
 8
 Further, the defendants' action clearly does not constitute an impermissible intrusion into Sharpe's private affairs, as a loss of privacy and freedom of choice are inherent incidents of confinement. Hudson v. Palmer, 468 U.S. 517, 527-28 (1984).
 
 
 9
 Finally, Sharpe's claim of state constitutional violation is properly dismissed because the district court lacks jurisdiction over pendent state law claims where the federal claim is not substantial. Wal-Juice Bar, Inc. v. Elliot, 899 F.2d 1502, 1505 (6th Cir.1990).
 
 
 10
 Accordingly, Sharpe's request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.