972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roy LYMAN, Appellant,
v.
Dr. Robert FOX, Appellee.
 No. 92-1514.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 1, 1992.
Filed: July 9, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roy Lyman, an inmate at the Nebraska State Penitentiary (NSP), appeals the District Court's[1] grant of summary judgment for defendant Dr. Robert Fox, formerly Chief Medical Officer of the NSP, in this action brought under 42 U.S.C. § 1983 (1988). We affirm.
 
 
 2
 In his complaint, Lyman alleged that Fox's failure to schedule him for evaluation by Missouri Valley Splint and Brace (MVSB), after diagnosing Lyman as suffering from flat feet and allegedly prescribing treatment by MVSB, amounted to deliberate indifference to Lyman's serious medical needs in violation of the Eighth Amendment. Fox denied that he ever recommended Lyman be examined by MVSB and that Lyman did not receive treatment for his flat feet.
 
 
 3
 Fox moved for summary judgment, and, in support of his motion, he attached Lyman's complete medical records and his own affidavit, in which he explained in great detail his treatment of Lyman's flat feet. Lyman responded to the motion and submitted his own affidavit, in which he realleged the facts and allegations set forth in his complaint. The District Court granted the motion for summary judgment.
 
 
 4
 In this appeal, Lyman argues that the District Court erred in granting summary judgment for Fox because a material factual dispute exists as to whether Fox failed to provide his allegedly prescribed treatment by MVSB. Lyman also asserts that Fox lied to the district court.
 
 
 5
 "We review a grant of summary judgment de novo," United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992), and must affirm when the plaintiff has failed to make a sufficient showing of an essential element of his case, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We agree that summary judgment for Fox was proper because Lyman failed to show that Fox was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 When Lyman followed the established prison procedures for obtaining medical treatment, he received it. The uncontroverted evidence shows that Fox and the NSP medical staff examined Lyman over forty times in a two-year period; they examined Lyman many times when he did not complain of continuing foot problems; and they took x-rays, prescribed medication, and prescribed different types of arch supports in an effort to treat Lyman's flat feet. Lyman merely disagrees with his medical treatment, and, as a result, he fails to state an Eighth Amendment claim of deliberate indifference. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).
 
 
 7
 Lyman's claim that the District Court erred in granting summary judgment because Fox allegedly lied in his answer and affidavit is equally deficient. Holloway v. Pigman, 884 F.2d 365, 366 (8th Cir. 1989) (existence of a factual dispute does not bar summary judgment when resolution of the dispute in favor of the nonmoving party does not yield a legal theory which can be considered viable under prevailing law). Even if Fox did originally recommend that Lyman be examined by MVSB, Fox's failure to arrange an appointment with MVSB for Lyman does not amount to "deliberate indifference," thereby giving rise to an Eighth Amendment violation. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (medical treatment must so deviate from professional standards as to evidence deliberate indifference).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska