972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Harold HENDERSON, Appellant,
v.
Hezekiah STEWART, Chairman, Board of Correction; Marvin
Evans, Jr., Employee, Arkansas Department of Correction;
Nuby Courtney, Employee, Arkansas Department of Correction;
Robert Perry, Sgt., Arkansas Department of Correction;
Brown, Employee, Arkansas Department of Correction; K.
Hampton, Employee, Arkansas Department of Correction, Appellees.
Harold Henderson, Appellant,
v.
Marvin Evans, Warden, MSU; Nuby Courtney; K. Hampton;
R.D. Perry, Appellees.
 No. 92-1106EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 10, 1992.
Filed: August 11, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Henderson appeals from the district court's[1] order, upon the magistrate judge's[2] recommendation following an evidentiary hearing, dismissing Henderson's complaint filed under 42 U.S.C. § 1983. We affirm.
 
 
 2
 Henderson is a prisoner at the Tucker Maximum Security Unit (Unit) of the Arkansas Department of Correction (ADC). In two complaints, later consolidated in the district court, he sued the ADC Board Chairman and five employees of the Unit alleging that the prison employees had tampered with his mail. He also challenged the prison's: withholding of his nonlegal mail for thirty days while he was in punitive segregation; failure to provide the sender's address on notices of withheld mail he received while in punitive; failure to notify the sender that correspondence had been temporarily withheld; and mail-sealing procedures. The district court ordered an evidentiary hearing before the magistrate judge to determine whether Henderson's claim could survive a motion for a directed verdict. At the conclusion of the hearing, the magistrate judge concluded that there was no real factual dispute, and that the undisputed facts did not entitle Henderson to relief. The district court adopted the magistrate judge's findings and recommendation, and dismissed the suit.
 
 
 3
 Upon our review of the record, we conclude that the district court properly dismissed this action. Henderson's constitutional challenges to the prison's mail-handling policies fail. See Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir. 1989); Little v. Norris, 787 F.2d 1241, 1243-44 (8th Cir. 1986); Gregory v. Auger, 768 F.2d 287, 291 (8th Cir.), cert. denied, 474 U.S. 1035 (1985); Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981) (per curiam). We agree with the court that Henderson's evidence on mail tampering showed no more than negligence, which is not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-32 (1986); see also Holloway, 884 F.2d at 367.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas