29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.R. WILKERSON, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 93-16525.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.R. Wilkerson, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant Charles Marshall in Wilkerson's 42 U.S.C. Sec. 1983 action alleging that Marshall violated his First Amendment right to correspond and to marry. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Wilkerson contends that Marshall violated his First Amendment rights by implementing a prison policy that prohibited prisoners from soliciting pen pals from the general public. Although the policy was subsequently rescinded, Wilkerson seeks damages for three letters that were allegedly confiscated as a result of the policy. The letters were responses to Wilkerson's newspaper advertisement seeking a relationship with a woman. Marshall contends that even if the ban on pen pal solicitation violated Wilkerson's First Amendment rights, he was immune from suit by the doctrine of qualified immunity. We agree.[1]
 
 
 4
 Whether an official may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken. Anderson v. Creighton, 483 U.S. 635, 639 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The contours of the right allegedly violated must have been sufficiently clear and particularized so that a reasonable official would have known that what he did violated the right. Anderson, 483 U.S. at 640. Thus, "in light of pre-existing law, the unlawfulness [of the official action] must be apparent." Id.
 
 
 5
 In determining whether the legal rules governing pen pal soliciations were clearly established at the time Marshall implemented the ban, we first look to binding precedent. See Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir.1985). In the absence of binding precedent, we look to "whatever decisional law is available." Id.
 
 
 6
 Here, at the time defendant Marshall imposed the pen pal solicitation ban, there was no direct authority on the issue of whether such a ban violates a prisoner's First Amendment right. There was ample authority, however, supporting a variety of restrictions on prison correspondence. See eg., Turner v. Safley, 482 U.S. 78, 89 (1987) (upholding limitation on inmate to inmate correspondence); Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989) (upholding ban on incoming publications which prison officials determined were detrimental to prison security); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990) (upholding ban on receipt of chain letters); Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir.1989) (upholding ban on receipt of letter that do not conform to prison regulations). Accordingly, because the law on the constitutionality of prisoner pen pal solicitations was not clearly established at the time Marshall imposed the ban, Marshall was immune from suit. See Anderson, 483 U.S. at 640.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted summary judgment for Marshall on the grounds that the ban did not violate Wilkerson's First Amendment rights. We decline to rest our decision on this basis. See Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986) ("[i]n reviewing a district court decision, we may affirm on any ground finding support in the record")
 
 
 [2]
 We refuse to consider Wilkerson's contention, raised for the first time on appeal, that the prison's current policy of stamping all outgoing mail with a prison identification stamp violates his right to privacy. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (declining to consider issue raised for the first time on appeal). We also reject Wilkerson's contention that Marshall violated his right to procedural due process by confiscating the three letters. As we have stated, Wilkerson cites no authority, and we know of none which establishes a liberty or property interest in receiving responses from pen pal solicitations. Morrissey v. Brewer, 408 U.S. 471, 480-81 (1972) (to be entitled to procedural due process, party must show liberty or property interest in the benefit for which protection is sought)