68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale Wayne SCOTT, Plaintiff-Appellant,
R.C. Gross, et al., Plaintiffs,
v.
Margarette GHEE, et al., Defendants-Appellees.
 No. 95-3202.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: KEITH, JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Dale Wayne Scott, an Ohio state prisoner, appeals pro se a district court judgment dismissing a civil rights action filed under 42 U.S.C. Sec. 1983 for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott and five other state prisoners who have been convicted of sex offenses filed this action for declaratory, injunctive, and monetary relief against several Ohio prison authorities, arguing that the requirement that they complete sex offender treatment before becoming eligible for parole violated their equal protection and due process rights, as well as the Fifth and Eighth Amendments. The district court granted the defendants' motion to dismiss for failure to state a claim, denied Scott's motion for reconsideration, and found moot a post-judgment motion for class certification. Only plaintiff Scott has appealed.
 
 
 3
 Upon review, we conclude that this complaint was properly dismissed, as Scott could prove no set of facts which would entitle him to relief. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).
 
 
 4
 The complaint filed below failed to state a claim of an equal protection violation, see Mahfouz v. Lockhart, 826 F.2d 791, 794 (8th Cir.1987) (per curiam), a due process violation, see Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995), a Fifth Amendment violation, see Fisher v. United States, 425 U.S. 391, 396-97 (1976), or an Eighth Amendment violation, see Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (plurality opinion). Scott's arguments as to defendants' lack of qualified or Eleventh Amendment immunity are misplaced, as the district court did not reach these issues. Similarly, his challenge to the denial of class certification is meritless, as the district court properly found his motion moot. Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.