105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Hugh MORRISON, Plaintiff-Appellant,
v.
Frank HALL, Director of the Oregon Department of Correction,
Manfred Maass, Superintendant of the Oregon State
Penitentiary; Tamara Blair, Staff Member at the Oregon
State Penitentiary, Defendants-Appellees.
 No. 95-35470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Dec. 19, 1996.
 
 Before CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Hugh Morrison appeals the district court's grant of summary judgment in favor of Frank Hall, Fred Maass, and Tamara Blair ("Defendants"). Morrison challenges under 42 U.S.C. § 1983 the constitutionality of the mail room regulations at the Oregon State Penitentiary, where he is being held. Morrison seeks damages and equitable relief.
 
 
 3
 Morrison contends that the district court erred by finding that Defendants were entitled to qualified immunity and that they were not liable in respondeat superior. Morrison also contends that the district court erred by finding that Morrison lacked standing to seek equitable relief as to most of his claims. Morrison finally argues that the district court erred by denying his motions for contact with witnesses and for a temporary restraining order. We affirm in part and vacate and remand in part.
 
 
 4
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We also review de novo a district court's decisions regarding standing and mootness. Sahni v. American Diversified Partners, 83 F.3d 1054, 1057 (9th Cir.1996); In re Arnold & Baker Farms, 85 F.3d 1415, 1419 (9th Cir.1996).
 
 
 5
 We need not set forth the facts because the parties are familiar with them.
 
 ANALYSIS
 
 6
 I. DAMAGES.
 
 
 7
 A. Qualified Immunity.
 
 
 8
 Qualified immunity turns on whether the state official's actions were objectively legally reasonable in light of clearly established law. Pierce v. Multnomah County, 76 F.3d 1032, 1037 (9th Cir.1996). Thus, a state official who relies on a properly enacted statute is entitled to qualified immunity unless the statute is obviously unconstitutional. Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir.1994).
 
 
 9
 Pursuant to Oregon's Administrative Rules, prison officials rejected Morrison's mail for content neutral and content based reasons without a hearing. Defendants are entitled to qualified immunity from Morrison's claims for damages because the administrative rules were not obviously unconstitutional. See id.; see e.g., Holloway v. Pigman, 884 F.2d 365, 367 (8th Cir.1989) (upholding constitutionality of similar mail regulations); Procunier v. Martinez, 416 U.S. 396, 418-19 (1974) (same), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Lawson v. Dugger, 840 F.2d 781, 786 (11th Cir.1988) (same), vacated and remanded without opinion, 490 U.S. 1078 (1989). Therefore, we affirm the district court's grant of summary judgment in Defendants' favor on the issue of qualified immunity.
 
 B. Respondeat Superior
 
 10
 A defendant is personally liable under section 1983 only if the defendant personally participated in the violations or knew of the violations and failed to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Thus, respondeat superior liability does not exist under section 1983. Id.
 
 
 11
 Morrison argues that Defendants are liable for the mail room staff's rejection of his mail. Morrison bases his argument on the fact that Defendants were involved in the enactment of the mail regulations and generally knew that mail room staff were enforcing those regulations. But Morrison has provided no evidence that Defendants personally participated in the decisions to reject Morrison's mail or even had prior knowledge of the rejections. We accordingly affirm the district court's grant of summary judgment in Defendants' favor on the issue of respondeat superior liability. See id.
 
 
 12
 We therefore affirm the district court's judgment insofar as it denied Morrison's claims for damages.
 
 
 13
 II. EQUITABLE RELIEF.
 
 
 14
 Morrison has standing to seek injunctive and declaratory relief as to the mail room regulations from which he can assert an injury in fact and a "real or immediate" possibility of future injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The injury must be actual or imminent, not conjectural. Id.
 
 
 15
 First, Morrison's claim for equitable relief as to regulation 291-131-035(1), under which mail staff rejected a letter that contained sexually explicit material, is moot. Regulation 291-131-040, under which Morrison was denied a hearing to challenge that rejection, was replaced in January 1995 with new 291-131-037(6)(a), which provides for notice and a hearing when a prisoner's mail is rejected for content based reasons.
 
 
 16
 Second, Morrison's claim for equitable relief as to regulation 291-131-035(5)(h), under which a letter with lipstick marks was rejected because it contained a "foreign substance," is moot. The Oregon Department of Corrections has directed prison officials to no longer reject "lipstick letters" under 291-131-035(5)(h).
 
 
 17
 The district court erred, however, by failing to address Morrison's claims for equitable relief as to regulations 291-131-025(5) (changed in January 1995 to 291-131-025(6)) and 291-131-025(1), under which Morrison's mail was rejected without a hearing because it was sent bulk rate or had an incomplete address. Morrison's claims as to these regulations are not moot because new regulation 291-131-037(6)(a) still does not provide for a hearing if a prisoner's mail is rejected for content neutral reasons. The question whether such a hearing is constitutionally required is a separate question from whether Morrison has standing to seek equitable relief. Thus, we conclude that Morrison has standing to challenge the constitutionality of these regulations, and Morrison's claims are not moot.
 
 
 18
 We therefore remand Morrison's claim for injunctive and declaratory relief so that the district court may address whether Morrison is entitled to declaratory or injunctive relief as to regulations 291-131-025(5) (now 291-131-025(6)) and 291-131-025(1).
 
 
 19
 III. OTHER CLAIMS.
 
 
 20
 Morrison argues that the district judge erred by denying Morrison's motions for access to witnesses and for protective orders. We conclude that these claims lack merit. First, there is no attorney-witness privilege or constitutional right to access to witnesses. See 7 AM.JUR.2D Attorneys §§ 118-82 (1980); 16a AM.JUR.2D Constitutional Law § 448 (1979). Second, Defendants' attorneys are not subject to sanction simply for sending a public document, albeit unsolicited, to the attorneys of Morrison's fiance, an interested party. Therefore, we affirm the district court's denial of Morrison's motions for access to witnesses and protective orders.
 
 
 21
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3